

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. L. Massie
County Auditor
Wilbarger County
Vernon, Texas

Dear Sir:

Opinion No. 0-3471
Re: What relationship exists
between Mr. Byers, a city
commissioner of Vernon, and
Mr. Skinner under the follow-
ing facts:
Mr. Byers' wife is the half
sister of Mrs. Skinner's
father. Does such relation-
ship, if any, prohibit the
City of Vernon from employing
Mr. Skinner in any capacity?

We have your letter of April 28, 1941, setting forth the following facts:

"Mr. C. M. Ladd of this City, bona fide citizen, and holds no Public Office of any kind.

"Mr. Byers, also a resident citizen of Vernon, Texas, is on the City Commission of the City of Vernon, and married a half sister of Mr. Ladd.

"Mr. A. D. Skinner, also a resident citizen of Vernon, Texas, married the daughter of Mr. Ladd."

Under the above facts, quoted in full from your letter, you request our opinion upon the following question:

"What is the relationship of Mr. Byers and Mr. Skinner, either by affinity or consanguinity, and would the relationship, if any, prohibit the City of Vernon, Texas, from employing Mr. Skinner in any capacity?"

Honorable F. L. Massie, page 2

Article 432, of the Penal Code, provides as follows:

"No officer of this State or any officer of any
district, county, city, precinct, school district,
or other municipal subdivision of this State, or any
officer or member of any State, district, county, city,
school district or other municipal board, or judge of
any court, created by or under authority of any gen-
eral or special law of this State, or any member of
the Legislature, shall appoint, or vote for, or con-
firm, the appointment to any office, position clerk-
ship, employment or duty, of any person related within
the second degree by affinity or within the third
degree of consanguinity to the person so appointing
or so voting, or to any other member of any such
board, the Legislature, or court of which such per-
son so appointing or voting may be a member, when the
salary, fees, or compensation of such appointee is to
be paid for, directly or indirectly, out of or from
public funds or fees of office of any kind or charac-
ter whatsoever."

It is apparent from the foregoing article that the City of
Vernon could not employ any one related to a Member of the City
Commission within the second degree by affinity or within the
third degree by consanguinity.

Collateral consanguinity is the relationship existing be-
tween persons who descend from the same common ancestor but not
from each other. Lineal consanguinity is the relationship exist-
ing between persons when one is descended from the other. In
computing the degrees of lineal consanguinity existing between
two persons every generation in the direct course of relation-
ship makes a degree. The method of computing collateral consan-
guinity is to discover the common ancestor, to begin with him
and reckon downward and the degrees the two persons, or the more
remote of them is distant from the ancestor is the degree of
kindred subsisting between them. Thus, brothers are related to
each other in the first degree because from the father each one
of them is one degree. An uncle and nephew are related to each
other in the second degree because the nephew is two degrees dis-
tant from the common ancestor and the uncle is extended to the
remotest degree of collateral relationship. Tyler Tap R. R. Com-
pany and Douglass v. Overton, 1 Tex. Ct. App., page 268.

Degrees of affinity are computed in the same manner as those of consanguinity, thus relatives of the wife stand at the same degree of affinity to the husband as t ey are related to the wife by consanguinity. Kelly v. Neely, 12 Ark. 657, 56 Am. Dec. 288; 2 C. J. 379; 2 C. J. Secundum 992.

The Court of Criminal Appeals of Texas cites the case of Kelly v. Neely, supra, with approval in its opinion in the case of Stringfellow v. State, 61 S. W. 719, in which it held in effect that by marriage the man places himself in the same degree of propinguity to all the relatives of his wife either by affinity or consanguinity as she actually stands toward them.

This is not the rule in the majority of jurisdictions and is not the rule in Texas in civil cases. See Schultze v. McLeary, 11 S. W. 924, and Seabrook, et al v. First National Bank of Port Lavaca, 171 S. W. 247. However, Article 432, Penal Code, is a criminal statute and we are constrained to adopt the construction placed upon it by our Court of Criminal Appeals.

This department in its Opinion No. 0-2225, a copy of which is attached hereto, has adopted the construction of the Court of Criminal Appeals in the Stringfellow case, supra, and has overruled previous opinions following the rule prevailing in civil cases and in the majority of other jurisdictions.

Under the criterion set forth above, we find that the common ancestor of Mr. Byers' wife and Mr. Skinner's wife was either the father or mother of Mrs. Byers. It is immaterial that Mrs. Byers is only the half sister of Mrs. Skinner's father. Further, under the rule, one common ancestor is sufficient. See our Opinion No. 0-791 attached hereto. Coming downward, we find that two degrees separate the ancestor of Mrs. Byers from Mrs. Skinner, hence, Mrs. Byers' is extended to the degree of relationship being most remote from the common ancestor, and is related to Mrs. Skinner in the second degree. Mr. Byers and Mr. Skinner, under the rule, are in the same propinquity to each other by affinity as their wives are by consanguinity and are hence related in the second degree. Being related in the second degree by affinity, the provi-

sions of Article 432, Penal Code, would prohibit the City of Vernon from employing Mr. Skinner as long as Mr. Byers is on the City Commission.

APPROVED JUL 13, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

E. R. Simmons
Assistant

LRS:EP

ENCLOSURES

